UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:19-cv-1385-TJC-PDB

TAYLOE MCDONALD,

    Plaintiff,

v.

DBWPC, INC. d/b/a DELORES BARR
WEAVER POLICY CENTER,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, DBWPC, INC. d/b/a DELORES BARR WEAVER POLICY CENTER by and through its undersigned attorneys, and hereby files this Answer and Affirmative Defenses to Plaintiff, TAYLOE MCDONALD's Complaint, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

2. Admitted for venue purposes only. All other averments contained within this paragraph are denied.

### PARTIES

3. Admitted.

4. Admitted.

5. Denied, as phrased.

## FACTUAL ALLEGATIONS AND COUNTS

6. Denied.

7. This Defendant is without sufficient information to admit or deny the allegations in this Paragraph, therefore Defendant must deny the allegations and demand specific proof at the trial of this cause.

8. This Defendant is without sufficient information to admit or deny the allegations in this Paragraph, therefore Defendant must deny the allegations and demand specific proof at the trial of this cause.

9. Specifically responding to the Jury Demand Paragraph of the Complaint, no response is necessary. This Defendant also requests a trial by Jury.

10. This Defendant admits that the Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations on November 30, 2018. To the extent a further response is required, any other allegations are denied and specific proof thereof is demanded at the trial of this cause.

11. The allegations contained within this Paragraph refer to a document in writing that speaks for itself and this Defendant denies any attempt to characterize that writing. To the extent a further response is required, this Defendant denies any remaining allegations and demands specific proof thereof at the trial of this cause.

12. The allegations contained within this Paragraph state conclusions of law to which no response is required. To the extent a further response is required, this Defendant denies any remaining allegations and demands specific proof thereof at the trial of this cause.

13. Denied.

14. Denied.

15. Denied.

16. This Defendant is without sufficient information to admit or deny the allegations contained within this Paragraph, therefore this Defendant must deny the allegations and demand specific proof at the trial of this cause.

17. Admitted as to Basra visiting Plaintiff at Plaintiff's home to discuss decisions that had been made regarding organizational restructuring at the Center. Denied as to all other averments in paragraph seventeen (17).

18. Admitted as to the averments that Plaintiff began working from home on or about May 1, 2018 and the averment that Plaintiff returned from medical leave on or about May 16, 2018. Denied as to all other averments in paragraph eighteen (18).

19. Denied.

20. Denied.

21. Admitted as to Plaintiff speaking with Basra on July 23, 2018 about Basra's licensing. Admitted as to Plaintiff having a meeting with Basra and Ravoira on July 23, 2018. Denied as to all other averments in paragraph twenty-one (21).

22. Denied.

23. The allegations in this Paragraph refer to a document in writing that speaks for itself and this Defendant denies any attempt to characterize that writing. To the extent a further response is required, this Defendant denies any remaining allegations.

24. The allegations in this Paragraph refer to a document in writing that speaks for itself and this Defendant denies any attempt to characterize that writing. To the extent a further response is required, this Defendant denies any remaining allegations.

25. Denied.

26. The allegations in this Paragraph refer to a document in writing that speaks for itself and this Defendant denies any attempt to characterize that writing. To the extent a further response is required, this Defendant denies any remaining allegations.

27. The allegations in this Paragraph refer to a document in writing that speaks for itself and this Defendant denies any attempt to characterize that writing. To the extent a further response is required, this Defendant denies any remaining allegations.

28. Denied.

29. Admitted as to Plaintiff being called to a meeting, which included Moran, on or about August 16, 2018. Admitted as to Plaintiff being told that Kemph found an issue with Basra's license and it had been addressed. Admitted that Moran told Plaintiff that no evidence of retaliation was found. Denied as to all other averments of paragraph twenty-nine (29).

30. Admitted.

31. Admitted that Plaintiff came into the Center on August 17, 2018, in contravention to express instructions, and Plaintiff was therefore again instructed to leave. Denied that Plaintiff was told by Crookham to leave the Center without explanation. Admitted as to the remaining averments of paragraph thirty-one (31).

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Defendant re-asserts all the above responses to paragraph one (1) through paragraph thirty-six (36) of Plaintiff's Complaint as if fully laid out herein.

38. Denied.

39. Denied.

40. Denied.

41. This Defendant is without sufficient information to admit or deny the allegations contained within this Paragraph and therefore must deny same and demand specific proof thereof at the trial of this cause.

42. Denied.

43. Denied.

44. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

45. Defendant re-asserts all the above responses to paragraphs one (1) through forty-four (44) as though set forth fully herein.

46. Denied.

47. Denied.

48. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

49. Defendant re-asserts all the above responses to paragraphs one (1) through thirty-six (36) as though set forth fully herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

59. Defendant re-asserts all the above responses to paragraphs one (1) through thirty-six (36) as though set forth fully herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

65. Defendant re-asserts all the above responses to paragraphs one (1) through thirty-six (36) as though set forth fully herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

75. Defendant re-asserts all the above responses to paragraphs one (1) through thirty-six (36) as though set forth fully herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

81. Defendant re-asserts all the above responses to paragraphs one (1) through thirty-six (36) as though set forth fully herein.

82. This averment constitutes a legal conclusion which requires no response from Defendant. To the extent this paragraph asserts liability, Defendant denies.

83. Admitted.

84. Admitted.

85. Denied.

86. Denied.

87. Denied.

Defendant further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause.

88. Plaintiff did not set out any averments in a paragraph eighty-eight (88). Therefore, Defendant must deny.

89. Specifically responding to the Jury Demand Paragraph of the Complaint, no response is necessary. However, to the extent a response is required, Defendant acknowledges that Plaintiff may request a trial by jury as to certain claims.

## **AFFIRMATIVE DEFENSES**

90. As a First Affirmative Defense, Plaintiff's claims are barred by her failure to comply with the procedural requirements.

91. As a Second Affirmative Defense, Defendant's actions toward Plaintiff were based on uniformly applied criteria which were job related and consistent with business necessity.

92. As a Third Affirmative Defense, all actions taken by Defendant with respect to Plaintiff were taken for legitimate, nondiscriminatory reasons.

93. As a Fourth Affirmative Defense, Plaintiff's Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

94. As a Fifth Affirmative Defense, Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

95. As a Sixth Affirmative Defense, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

96. As a Seventh Affirmative Defense, Plaintiff's Complaint and each cause of action set forth therein, fails to state a claim upon which relief may be granted for punitive damages.

97. As an Eighth Affirmative Defense, Plaintiff's Complaint, and each cause of action set forth therein, is barred because some or all of the damages claimed by Plaintiff were brought about or contributed to by reason of Plaintiff's own acts, actions or negligence.

98. As a Ninth Affirmative Defense, Plaintiff's Complaint, and each cause of action set forth therein, is barred due to Plaintiff's failure to comply with statutory and common law duties to mitigate her alleged damages, her entitlement to which is hereby denied, and further, any interim earnings or amounts earnable with reasonable diligence by Plaintiff reduce back and front pay otherwise allowable. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits or other income.

99. As a Tenth Affirmative Defense, Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, as at the time of the alleged events set forth in Plaintiff's Complaint, Defendant had in place policies against the conduct alleged and Plaintiff failed to avail herself fully of the remedial measures therein.

100. As an Eleventh Affirmative Defense, Defendant acted in good faith at all times in all regards with respect to actions involving Plaintiff.

101. As a Twelfth Affirmative Defense, Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, because the losses, if any, purportedly

9
**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

suffered by Plaintiff, were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of Defendant.

102. As a Thirteenth Affirmative Defense, Plaintiff has failed to exhaust her administrative remedies for bringing this suit.

103. As a Fourteenth Affirmative Defense, Plaintiff engaged in conduct during her employment that constitutes a terminable reason for discharge and, as such, Plaintiff is incapable and prohibited from alleging that she suffered damages resulting from the conduct during Plaintiff's tenure of employment or thereafter.

104. As a Fifteenth Affirmative Defense, Plaintiff's claims are limited in scope by the charge filed with the FCHR and the EEOC, as applicable.

105. As a Sixteenth Affirmative Defense, that even if it was established that Plaintiff was discriminated against, Defendant would have taken the same action even in the absence of any alleged impermissible behavior. Thus, Plaintiff's relief would be limited solely to injunctive relief, attorney's fees, and costs.

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that might be applicable to the within action. Accordingly, the right to assert additional defenses as they become known during discovery, and to amend Defendant's Answer accordingly, is hereby reserved.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant requests that the Complaint be dismissed with prejudice, and that this Court award Defendant all of its costs and in addition, under the FCRA, award Defendant its attorneys' fees incurred in defense of this matter, and such other and further relief as this Court deems just and proper. In the alternative, Defendant demands judgment in its favor on the Complaint and Demand

for Jury Trial, that Plaintiff take nothing by means of the Complaint and Demand for Jury Trial, and that this Court grant Defendant its costs of action, attorneys' fees under the Florida Civil Rights Act, and such other and further relief as it deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant DBWPC, INC. d/b/a*
*DELORES BARR WEAVER POLICY CENTER*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4054
Facsimile (904) 672-4050
Primary e-mail: brian.aull@csklegal.com
Secondary e-mail: victoria.kroell@csklegal.com

By: s/ Victoria B. Kroell
BRIAN J. AULL
Florida Bar No.: 616834
VICTORIA B. KROELL
Florida Bar No.: 1011020

1917.1107-00/16755602